In re **WACHOVIA SECURITIES, LLC, WAGE AND HOUR LITIGATION**

No. 1807.

Judicial Panel on Multidistrict Litigation.

Dec. 22, 2006.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of seven actions: two actions in the Southern District of New York and one action each in the Middle District of Florida, the Northern District of Illinois, the District of Minnesota, the Western District of New York and the Eastern District of Pennsylvania.[1] Before the Panel is a motion by the Florida, Illinois and Minnesota plaintiffs, pursuant to 28 U.S.C. § 1407, to centralize these actions in the Northern District of Illinois; at the Panel's hearing on November 30, 2006, moving plaintiffs stated that they now favor centralization in the Central District of California. While some responding plaintiffs oppose centralization, all plaintiffs now agree, at least in the alternative, with selection of the Central District of California as transferee forum. Defendants[2] agree that centralization is appropriate, but favor selection of the Southern District of New York or, alternatively, the Eastern District of Virginia as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations, *inter alia*, that Wachovia, Prudential and/or First Union securities brokers are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.*, and/or various states' wage and hour statutes. Centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the Central District of California is an appropriate transferee district for this litigation. The six related actions pending in this district are proceeding well under the guidance of Judge David O. Carter and this California district has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable David O. Carter for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1807—In re Wachovia Securities, LLC, Wage and Hour Litigation*

*Middle District of Florida*

George Keim v. Wachovia Securities, LLC, C.A. No. 8:06–1565

*Northern District of Illinois*

Anthony J. Mooney v. Wachovia Securities, LLC, C.A. No. 1:06–4698

*District of Minnesota*

Bruce Barron v. Wachovia Securities, LLC, C.A. No. 0:06–3545

---

1. The Panel has been notified that eleven potentially related actions are pending as follows: six actions in the Central District of California, three actions in the District of New Jersey, and one action each in the Eastern District of New York and the Southern District of New York. These actions will be treated as potential tag-along actions in accordance with the Panel's Rules.

2. Wachovia Securities, LLC (Wachovia); First Union Securities, Inc. (First Union); Wachovia Corp.; and Prudential Equity Group, LLC (Prudential).

1348

*Southern District of New York*

*Jason Goldstein, et. al. v. Prudential Financial, Inc., et al.,* C.A. No. 1:05–7646

*Peter Janowsky v. Wachovia Securities, LLC, et al.,* C.A. No. 1:05–7660

*Western District of New York*

*Charles Badain, et. al. v. Wachovia Securities, LLC., et al.,* C.A. No. 6:06–6321

*Eastern District of Pennsylvania*

*Amir Gauhar, et al. v. Wachovia Securities, LLC,* C.A. No. 2:06–2860